Hillsborough, July 1, 1952. } No. 4118.

NICHOLAS J. DAMASIOTES *v.* NICHOLAS D. DUMAS.

*John W. King* and *Nicholas J. Costakis* for the plaintiff.

*James A. Manning* and *Maurice A. Broderick* for the defendant.

KENISON, C. J.   The single question in this appeal is whether a successful plaintiff in an action of assumpsit for a specific sum entrusted to the defendant is entitled to interest from the date of the writ where no instruction to the jury to that effect has been requested or given and no request for interest was made in the specifications.   There is no dispute as to the allowance of statutory interest at the statutory rate of six per cent from the date of the verdict.   R. L., c. 396, s. 1; R. L., c. 367, s. 1.

As a general rule interest as an element of damages prior to the verdict for money wrongfully detained is allowed from the time the money is due.   *Smith* v. *Wetherell*, 89 N. H. 106, 108; McCormick, Damages (1935) 230; Restatement, Contracts, s. 337 (a).   In the absence of a prior demand, commencement of the suit will constitute the requisite demand, and interest will date from the beginning of the suit.   *Morrill* v. *Weeks*, 70 N. H. 178, 181; Williston, Contracts (*Rev. ed.*) s. 1410, 1413; *Lemire* v. *Haley*, 93 N. H. 206.   The allowance of interest from the commencement of the suit is based on the general assumption that retention of the money benefits the debtor and injures the creditor.   *Bellows Falls Trust Co.* v. *Company*, 90 N. H. 379, 380.   The defendant does not deny the validity of this general rule but points out that interest prior to verdict is not allowed as a matter of right in all cases.   *White* v. *Schrafft*, 94 N. H. 467; *Chagnon* v. *Insurance Company*, 96 N. H. 256.   Special circumstances may warrant the denial of interest prior to the commencement of the suit in either law or equity.   *Bellows Falls Trust Co.* v. *Company, supra.*   However, the defendant places his chief reliance on *Davenport* v. *Company*, 92 N. H. 194.   That case laid down the rule that interest prior to the verdict could not be recovered if the plaintiff did not ask at the trial for an instruction to the jury concerning interest or did not have the question reserved to the Court by agreement before verdict.   *Emery* v. *Company*, 89 N. H. 165.

The rationale of the *Davenport* and *Emery* cases is that the

question of interest as an element of damages should be brought to the attention of the Court either by pleadings, request for instructions or reservation of the question to the Court. It is not necessary that all of these methods be employed and any timely motion or request before the case is submitted would suffice to prevent a waiver of the right to interest prior to verdict. *Lamontagne* v. *Railway*, 97 N. H. 6, 12. In the present case it is not entirely clear that the safekeeping arrangement between the plaintiff and the defendant contemplated the payment of interest in any event (*cf. Bellows Falls Trust Co.* v. *Company*, 90 N. H. 379, 380) but if it did there was a duty encumbent upon the plaintiff to bring the matter to the attention of the Court in some manner prior to judgment. The disallowance of interest as an element of damages prior to the verdict was therefore justifiable in the circumstances of this case.

*Exception overruled.*

All concurred.